WASHINGTON DAWSON *v.* LOUISVILLE & N. R. Co.

[Abstract Kentucky Law Reporter, Vol. 6—659, 668.]

**Measure of Damages.**

Where a common carrier sold a railroad ticket, to a passenger, from Louisville to Lebanon, and accepted such passenger but failed to stop at Lebanon long enough for the passenger to get off, in a suit against the carrier the passenger is entitled to recover for his loss of time and money caused by such neglect of the carrier as well as for other injuries which were the direct and immediate consequences of such neglect and the amount of damages he sustained by reason of the carrier's failure to put him off at Lebanon, and the jury may also consider the mental and physical sufferings, if any, caused by such failure.

APPEAL FROM BULLITT CIRCUIT COURT.

February 3, 1885.

OPINION BY JUDGE HINES:

Appellant brought this action to recover two thousand dollars for breach of contract and of public duty by appellee in failing to stop its train of cars at Lebanon Junction long enough to allow appellant to get off, that point being his destination. Appellant alleges that he purchased of appellee a ticket from Louisville to Lebanon Junction, and that appellee wrongfully and wilfully neglected and refused to stop the train long enough for him to get off, but wrongfully and wilfully carried him to a station five miles further, and

that at the time he was quite feeble, suffering great physical pain, and that by reason of the wrongful act of appellee and the consequent exposure from cold at the station where he was stopped he was made ill and suffered greatly therefrom as well as from mental anxiety and distress.

The evidence tended to show that appellant had an operation performed in Louisville a few days before by which one of his eyes was taken out, that he was greatly reduced by loss of blood and physical pain; that his physician prescribed care in not exposing himself to the cold or damp, that the train by reason of defective brakes ran some distance past the platform of the depot at Lebanon Junction and then backed up but did not remain long enough to enable appellant to get off; that as the train was moving from the platform appellant met the conductor coming into the car, asked him to let him off; told him his condition and that he believed it would kill him to be carried to and put off at the next station, and that the conductor replied, "you will have to stand it." Appellant also testified that the sitting room of the station at which he was put off was without fire and was damp, and that by reason of this exposure and mental anxiety he was made sick and confined to his bed for a month. Appellant took a train going toward Lebanon Junction and arrived there in about an hour and a half from the time he should have gotten off. Upon the question as to whether the train stopped long enough for appellant to get off, as to the conductor of the train when appellant asked to be put off, and as to the accommodations at the depot where he got off, the evidence is conflicting. We do not undertake to pass upon the weight of the evidence, that is for the jury, but state simply the conclusion at which the jury might have arrived and for the purpose simply of passing upon the questions of law presented. The court below refused instructions asked for by both appellant and appellee, and in lieu thereof directed the jury to find specially as follows:

First. "Did defendant stop its train at the platform at Lebanon Junction on the 17th of March, 1881, long enough to enable plaintiff to get off of said train in safety by using ordinary diligence? To this the jury answer, and say they did not."

Second interrogatory of special finding. "If said train was not stopped long enough at Lebanon Junction for plaintiff to get off, was plaintiff subjected to any loss of time or any additional ex-

pense by reason thereof; and if so, what, and the amount of value thereof? To this the jury answer: He was, to the amount of $10.15."

Third interrogatory or special finding is as follows: "Besides the loss of time and additional expenses to which plaintiff was subjected (if they answer the first question in the negative), they will then find what other injuries, if any, were the direct and immediate consequences thereof, and the amount of damages, if any, plaintiff has sustained by reason of defendant's failure to put him off at Lebanon Junction; and in estimating said damages they may consider the mental and physical sufferings, if any, that were occasioned by defendant's failure to put plaintiff off at said station. To which last interrogatory or special finding the jury answer as follows: We, the jury, find for plaintiff and assess his damages at $825."

Appellant moved for judgment nothwithstanding these special findings, and appellant moved for judgment upon them, both motions were overruled, and the court set aside the third finding upon the ground that the answer was not responsive, and entered judgment on the first and second in favor of plaintiff for $10.15. It is insisted for appellant that the court erred in not rendering judgment for the whole amount of damages found in the second and third findings, and this is the principal question presented. From the evidence in this record we are of the opinion that the measure of damages fixed by the court in the second and third special findings is correct, and that the answer of the jury to the third was sufficiently responsive: judgment should have been entered for plaintiff on his motion.

In actions of this character the right to recover by way of compensation is both for a breach of contract and for violation of a public duty on the part of the public carrier, and the measure for damages for either is substantially the same. The complainant is entitled to recover for mental and physical sufferings, which is the direct and immediate consequence of the wrongful act, and exemplary damages may be recovered when there is oppression, fraud, malice, insult or other wilful conduct evidencing a reckless disregard of consequences. There is no evidence, taking either bill of evidence, that would authorize the jury to find that there was such insult, fraud, oppression or reckless disregard of consequences,

as would have justified the court in giving an instruction permitting the recovery of exemplary damages. The jury found in answer to the first interrogatory that appellant's train was not stopped at Lebanon Junction long enough for appellant to get off. That finding was conclusive as to the existence of the fact, and it then remained for the court to determine as a matter of law whether that was a violation of the contract or a public duty, which would entitle appellant to recover. The court properly determined that the fact so found authorized a recovery. It was the duty of the court then to instruct as to the measure of damages, which under the evidence embraced loss of time, additional expense, mental and physical suffering which were the direct and immediate consequence of the breach of contract or of public duty on the part of appellee in failing to stop the train long enough to let appellant off. The second and third directions for special findings correctly cover the measure of damages under the first findings and the evidence in the case as to mental and physical suffering.

The objection is not well taken, but the affidavit by two members of the jury to the bill of exceptions gotten up in lieu of the one signed by the judge who tried the case is sufficient. These jurors were by-standers within the meaning of the Code Sub-sec. 3, Section 337.

These jurors were disinterested and in a better situation than anyone else to know what the witness testified to. Nor is it any objection to this bill of evidence that it purports to contain the evidence of only one witness. That witness was the only one in reference to whose testimony there was any difference of opinion. It would have been needless and improper to have embraced in the substituted or supplemental bill all the evidence of the main bill to which there was no objection.

Judgment *reversed* and cause remanded with directions to enter judgment for appellants on the special findings for eight hundred thirty-five and fifteen one-hundredths dollars.

Judgment *affirmed*.

*S. P. Straus, W. R. Kinney, Charles Carrol, for appellant.*

*W. R. Thompson, for appellee.*

[Cited *Louisville & N. R. Co. v. Ballard*, 85 Ky. 311, 9 Ky. L. 7,

3 S. W. 530, 7 Am. St. 600; *Memphis & C. Packet Co. v. Nagel,*
97 Ky. 15, 16 Ky. L. 748, 29 S. W. 743; *Illinois Cent. R. Co. v. Winslow,* 119 Ky. 877, 27 Ky. L. 331, 84 S. W. 1175.]